IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-000389-BR

| | | |
|---|---|---|
| **JAMIE PHILLIPS,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **FIRST AMENDED COMPLAINT** |
| | ) | |
| **SUNTRUST MORTGAGE, INC. and** | ) | |
| **LITTON LOAN SERVICING, LP,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

NOW COMES Plaintiff Jamie Phillips, hereinafter referred to as "Plaintiff," and pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, wholly amends her Complaint against Defendants SunTrust Mortgage, Inc. and Litton Loan Servicing, LP, and alleges as follows:

## PARTIES AND JURISDICTION

1. Jamie Phillips is a citizen and resident of Concord, Cabarrus County, North Carolina.

2. Defendant SunTrust Mortgage, Inc. is a corporation organized under the laws of the State of Virginia that is authorized to do business in North Carolina, having a registered agent and a registered address at 327 Hillsborough Street, Raleigh, Wake County, North Carolina.

3. Defendant Litton Loan Servicing, LP is a limited partnership organized under the laws of the State of Delaware that is authorized to do business in North Carolina, having a registered agent and a registered address at 327 Hillsborough Street, Raleigh, Wake County, North Carolina.

1

4. This court has jurisdiction over this subject matter and parties.

5. Venue is proper in Wake County pursuant to N.C.G.S. § 1-76 and § 1-82.

## FACTS

6. Plaintiff purchased the property located at 410 Clearwater Drive NW in Concord, North Carolina (hereinafter "the property") on August 16, 2006 from Beckwith Homes Corporation.

7. To finance the purchase of the property, which is Plaintiff's primary residence, Plaintiff borrowed funds from SunTrust Mortgage, Inc. (hereinafter "SunTrust") and signed a promissory note (hereinafter "the note") in the amount of $205,315.00 plus interest.

8. A Deed of Trust was recorded at the Cabarrus County Register of Deeds on August 17, 2006 with the beneficiary listed as Mortgage Electronic Registration Systems, Inc. This Deed of Trust is attached and incorporated as Exhibit "A."

9. As a condition of financing for the property, SunTrust required Plaintiff to pay private mortgage insurance (hereinafter "PMI.") SunTrust advised Plaintiff that she would have to pay monthly PMI premiums in the amount of $715.18 in order to obtain financing and close on the property.

10. Plaintiff's loan officer advised her that due to her low credit score, PMI premiums in the amount of $715.18 per month were required in order for her to obtain financing.

11. Plaintiff's loan officer advised Plaintiff of her obligation to pay this monthly private mortgage insurance premium two or three days before her closing.

12. Plaintiff recalls that her loan officer's first name was Cher, but Plaintiff cannot recall Cher's last name. She does recall that Cher left SunTrust to work for Bank of America.

13. Plaintiff told her loan officer she did not think she could pay a $715.18 monthly premium for the entire term of the loan.

14. Plaintiff's loan officer then advised Plaintiff that she should have no problem refinancing her home within six months of the purchase and that at a refinance would rid her of her obligation to pay private mortgage insurance at that level.

15. Pursuant to the note, Plaintiff's monthly mortgage payment due to SunTrust for the first 120 months of the loan period was $1,470.90 including interest. Combined with Plaintiff's PMI premiums, her monthly payment to SunTrust was $2,186.08, plus tax. An amortization schedule reflecting these monthly payments is attached and incorporated as Exhibit "B."

16. At the time of closing, Plaintiff's gross monthly income was $4,547.48, and SunTrust was aware of this.

17. Defendant SunTrust knew, or should have known, that Plaintiff would likely be unable to make monthly payments of $2,186.08 but entered a loan agreement with Plaintiff nevertheless.

18. Defendant SunTrust knew, or should have know, that there was no guarantee, or likelihood, that Plaintiff would be able to refinance her home 6 months after her closing.

19. At some time after Plaintiff closed on the purchase of the property, SunTrust sold or transferred the note to Defendant Litton Loan Servicing, LP (hereinafter "Litton.")

20. Plaintiff has been making the above PMI payments since her closing date to the best of her ability, but eventually became in default on her loan obligations.

21. Plaintiff is currently only one payment behind on her obligations.

22. In or before February 2010, Plaintiff contacted Litton about her financial hardship and difficulty in making her monthly mortgage and PMI payments. Plaintiff specifically told a representative of Litton that she was unable to pay her PMI premium and her high monthly mortgage obligation and requested a loan modification. Litton then stated, through its representative, that these issues could be addressed through a loan modification.

23. Under the federal Home Affordable Modification program, Litton, through the law firm of Brown & Associates in Pasadena, Texas, executed a loan modification agreement with Plaintiff. The loan modification agreement is attached as Exhibit "C."

24. Although Plaintiff's loan modification agreement reduced her monthly mortgage payment to $923.01, when she began receiving monthly statements from Litton, she discovered that she was still responsible for paying a PMI premium in the amount of $715.18 per month.

25. In May 2010, Plaintiff contacted Litton to inquire as to whether her PMI premium was correct and if it could be cancelled or lowered.

26. Litton responded to Plaintiff with a letter dated May 20, 2010, which is attached as Exhibit "D." In the letter, Litton stated that "there are no options available to negotiate lowering the PMI premium for a more affordable monthly installment."

27. Since Plaintiff closed on her home in August 2006, she has paid at least $34,000.00 to Defendants for private mortgage insurance alone.

## COUNT ONE:
## UNFAIR AND DECEPTIVE TRADE PRACTICES
## (SunTrust Mortgage, Inc.)

28. Plaintiff repeats and realleges the allegations in the preceding paragraphs.

29. SunTrust was party to a mortgage agreement with Plaintiff and was the servicer of Plaintiff's mortgage until it was transferred to Litton.

30. SunTrust financed Plaintiff's home purchase in 2006.

31. As Plaintiff's lender and loan servicer, SunTrust, at all times relevant to the Complaint, was in a position of power over Plaintiff.

32. At all times relevant to the Complaint, Plaintiff knew that failing to comply with the terms imposed by SunTrust could prevent her from closing on her home or could cause her to lose her home.

33. SunTrust, through Plaintiff's loan officer, represented to Plaintiff that her credit was so poor that she could obtain financing only if she paid private mortgage insurance premiums in the amount of $715.18 per month. SunTrust, through Plaintiff's loan officer and other representatives, represented to Plaintiff that this monthly premium was not negotiable.

34. SunTrust, through Plaintiff's loan officer, also represented to Plaintiff that she should have no problem refinancing her home within six months of the purchase and that at a refinance would rid her of her obligation to pay private mortgage insurance at that level.

35. Plaintiff's PMI premium in the amount of $715.18 per month was an abusive, unfair and unconscionable term that was wrongly imposed by SunTrust on Plaintiff.

36. Furthermore, SunTrust knew or should have known that Plaintiff would be unable to pay both her PMI premiums and her monthly mortgage payments, but gave Plaintiff a loan nevertheless.

37. The above actions of SunTrust were in commerce or affected commerce, and N.C.G.S. §75-16 is applicable in this case.

38. Through the above actions, SunTrust improperly and inequitably asserted its power over Plaintiff to its benefit and to Plaintiff's detriment.

39. As a result of the actions of SunTrust for its personal benefit, Plaintiff has sustained damages at least in the amount of Thirty Four Thousand Dollars and No Cents ($34,000.00).

40. SunTrust's conduct and representations to Plaintiff were misleading and fraudulent, and Plaintiff reasonably relied on SunTrust's false misrepresentations and incurred damages as a result.

41. Pursuant to N.C.G.S. § 75-16, Plaintiff is entitled to recover treble her compensatory damages.

42. Pursuant to N.C.G.S. § 75-16.1, Plaintiff is entitled to recover her reasonable attorney's fees.

**COUNT TWO:**
**COMMON LAW FRAUD**
**(SunTrust Mortgage, Inc.)**

43. Plaintiff repeats and realleges the allegations in the preceding paragraphs.

44. SunTrust represented to Plaintiff that her credit was so poor that she could obtain financing only if she paid private mortgage insurance premiums in the amount of $715.18 per month. SunTrust represented to Plaintiff that this monthly premium was not negotiable.

45. SunTrust also represented to Plaintiff that she should have no problem refinancing her home within six months of the purchase and that a refinance would rid her of her obligation to pay private mortgage insurance at that level.

46. Plaintiff is still paying a $715.18 monthly premium for private mortgage insurance.

47. Plaintiff discovered in 2010 that the statements SunTrust made to her at the time of her closing, and as alleged in Paragraphs 44 and 45 above, were false.

48. As a result of SunTrust's material misrepresentations of past and existing facts, reasonably calculated to deceive Plaintiff or with the intent to deceive Plaintiff, and Plaintiff's reasonable reliance thereon, Plaintiff has been damaged in the amount of at least Thirty Four Thousand Dollars and No Cents ($34,000.00).

49. SunTrust's representations to Plaintiff were not only false and injurious to Plaintiff, but they also involved the imposition of an abusive and inequitable private mortgage insurance premium.

50. In its above actions, SunTrust acted in bad faith and in complete disregard to how its actions would impact and injure Plaintiff and considering only its own interests.

51. SunTrust's above actions constitute willful and wanton conduct.

52. Because SunTrust engaged in willful and wanton conduct through making false misrepresentations of material facts to Plaintiff, Plaintiff hereby makes a claim for punitive damages under N.C.G.S. §1-D-15.

## COUNT THREE: UNFAIR AND DECEPTIVE TRADE PRACTICES (Litton Loan Servicing, LP)

53. Plaintiff repeats and realleges the allegations in the preceding paragraphs.

54. As Plaintiff's loan servicer, Litton, at all times relevant to the events alleged in the Complaint, was in a position of power over Plaintiff.

55. Litton represented to Plaintiff that her loan modification agreement could reduce or eliminate her monthly PMI premium, and Litton knew this was false.

56. Litton represented to Plaintiff that no options existed to negotiate lowering her monthly PMI premium, and Litton knew this was false.

7

57. By telling Plaintiff no options existed to negotiate lowering her monthly PMI premium, Litton used its position of power to impose an unfair, unreasonable and oppressive payment obligation on Plaintiff.

58. Furthermore, a monthly private mortgage insurance premium in the amount of $715.18, for a loan in the amount of $205,315.00, is manifestly unfair and is unlawful under N.C.G.S. § 75-1.1.

59. The above actions of Litton were in commerce or affected commerce, and N.C.G.S. §75-16 is applicable in this case.

60. As a result of the above actions of Litton for its personal benefit, Plaintiff has sustained damages in excess of Thirty Four Thousand Dollars and No Cents ($34,000.00).

61. Litton's conduct and representations to Plaintiff were not only unfair, but were also misleading and fraudulent, and Plaintiff reasonably relied on Litton's false misrepresentations and incurred damages as a result.

62. Pursuant to N.C.G.S. § 75-16, Plaintiff is entitled to recover treble her compensatory damages.

63. Pursuant to N.C.G.S. § 75-16.1, Plaintiff is entitled to recover her reasonable attorney's fees.

### COUNT FOUR:
### COMMON LAW FRAUD
### (Litton Loan Servicing, LP

64. Plaintiff repeats and realleges the allegations in the preceding paragraphs.

65. Litton represented to Plaintiff that her loan modification agreement could reduce or eliminate her monthly PMI premium. This was false, and Litton knew or should have known this was false.

66. Litton represented to Plaintiff that no options existed for her to negotiate lowering her monthly PMI premium. This was false, and Litton knew or should have known this was false.

67. Litton made the above representation with the intention that Plaintiff would accept it as true and continue to pay a monthly PMI premium of $715.18 for the life of her loan, which is at least 30 years.

68. In reliance on the above representations Litton made to Plaintiff, Plaintiff has been paying the monthly PMI premium of $715.18 since her loan modification.

69. As a result of Litton's material misrepresentations of past and existing facts, reasonably calculated to deceive Plaintiff or with the intent to deceive Plaintiff, and Plaintiff's reasonable reliance thereon, Plaintiff has been damaged in the amount of at least Thirty Four Thousand Dollars and No Cents ($34,000.00).

70. Litton's representations to Plaintiff were not only false and injurious to Plaintiff, but they also involved the imposition of an abusive and inequitable private mortgage insurance premium.

71. In its above actions, Litton acted with complete disregard to how its actions would impact and injure Plaintiff and considering only its own interests.

72. Because Litton engaged in willful and wanton conduct through making false misrepresentations of material fact to Plaintiff, Plaintiff hereby makes a claim for punitive damages under N.C.G.S. §1-D-15.

**WHEREFORE**, Plaintiff prays the Court:

1. That Plaintiff have and recover of Defendant SunTrust those damages alleged in Plaintiff's Count One for Unfair and Deceptive Trade Practices in the amount of at least

Thirty Four Thousand Dollars and No Cents ($34,000.00); plus interest at the legal rate of 8 %; treble Plaintiffs' compensatory damages pursuant to N.C.G.S. §75-16; and reasonable attorney's fees and costs pursuant to N.C.G.S. § 75-16;

2. That Plaintiff have and recover of Defendant SunTrust those damages alleged in Plaintiffs' Count Two for Common Law Fraud in the amount of at least Thirty Four Thousand Dollars and No Cents ($34,000.00), plus all punitive damages allowable by N.C.G.S. §1D; plus interest at the legal rate of 8% and all reasonable attorney's fees and costs to the extent allowed by law;

3. That Plaintiff have and recover of Defendant Litton those damages alleged in Plaintiff's Count Three for Unfair and Deceptive Trade Practices in the amount of at least Thirty Four Thousand Dollars and No Cents ($34,000.00); plus interest at the legal rate of 8 %; treble Plaintiffs' compensatory damages pursuant to N.C.G.S. §75-16; and reasonable attorney's fees and costs pursuant to N.C.G.S. § 75-16;

4. That Plaintiff have and recover of Defendant Litton those damages alleged in Plaintiffs' Count Four for Common Law Fraud in the amount of at least Thirty Four Thousand Dollars and No Cents ($34,000.00), plus all punitive damages allowable by N.C.G.S. §1D; plus interest at the legal rate of 8% and all reasonable attorney's fees and costs to the extent allowed by law;

5. That the costs of this action be taxed by the Court against Defendants;

6. For a trial by jury on all issues so triable; and

7. That Plaintiff have such other and further relief as the Court may deem just and proper.

This the <u>14th</u> day of October 2010.

**ANDERSON JONES, PLLC**

/s/ M. Caroline Lindsey_____
M. Caroline Lindsey, NCSB # 38317
*Attorney for Plaintiff*
Post Office Box 20248
Raleigh, NC   27619
Telephone:   919-277-2541
Facsimile:  919-277-2544
E-mail: clindsey@andersonandjones.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served via the Court's official electronic filing site with the above First Amended Complaint and that all parties entitled to Notice will receive such via the Court's electronic distribution system pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Anitra Goodman Royster, Esquire
Alston & Bird LLP
3201 Beechleaf Court, Suite 600
Raleigh, NC 27604

D. Kyle Deak, Esquire
Troutman Sanders, LLP
Two Hannover Square, Suite 1900
434 Fayetteville Street
Raleigh, NC 27601

This the 14th day of October, 2010.

                                        ANDERSON JONES, PLLC

                           By:    /S/ M. Caroline Lindsey
                                  M. Caroline Lindsey, N.C. State Bar No. 38317
                                  Post Office Box 20248
                                  Raleigh, NC 27619
                                  Tel: (919) 277-2541
                                  Fax: (919) 277-2544
                                  *Attorney for Plaintiff*
                                  E-mail: clindsey@andersonandjones.com